UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GERALDINE JASPER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-07177** |
| **FEDERAL EMERGENCY MANAGEMENT AGENCY** | **SECTION "K"** |

## ORDER AND OPINION

Before the Court is defendant's "Motion to Dismiss" for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Doc. 12. The United States is immune from suit under the independent contractor exception of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et. seq. Accordingly, defendant's motion to dismiss is GRANTED.

## BACKGROUND

Following Hurricane Katrina, Geraldine Jasper ("plaintiff"), a resident of New Orleans, Louisiana, temporarily lived in a travel trailer provided by the Federal Emergency Management Agency ("defendant" or "FEMA"). Plaintiff alleges that on October 7, 2006, her refrigerator stopped working, and she was given a portable refrigerator with an extension cord running over the stove to an electrical outlet. Plaintiff further alleges that approximately one week later there was a fire and explosion in the trailer, which plaintiff attributes to the use of "an extension cord as a power source in a trailer using propane gas." Doc. 1. Although plaintiff states in her complaint that FEMA provided the portable refrigerator, she does not dispute defendant's assertion that AME Janitorial Services ("AME"), a contractor of FEMA, actually placed the refrigerator there, stretching the extension cord across the stove, as well as providing all other

maintenance on the trailers. Docs. 1, 12, 15. Instead, plaintiff contends that FEMA remains solely responsible for the incident based on Louisiana law. Doc. 15.

Plaintiff initially filed an administrative claim with FEMA. FEMA dismissed the claim, stating that "FEMA is not responsible for the unauthorized actions of its employees or the actions of its contractors." Doc. 12-1. Plaintiff subsequently filed suit against FEMA, seeking property and compensatory damages. Plaintiff relies on 28 U.S.C. § 1346 to establish subject matter jurisdiction, which provides that district courts have exclusive jurisdiction over civil claims against the United States for:

> money damages, . . . injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b). FEMA responded to plaintiff's claim with a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. Doc. 12.

Defendant asserts that AME, its independent contractor, performed all maintenance duties on the trailers and therefore defendant is immune from plaintiff's suit pursuant to the independent contractor exception in the FTCA. Plaintiff contends that the motion should be denied because:

> (1) defendant's motion is an attack on the merits of the case, making a 12(b)(1) motion improper;
> (2) FEMA is ultimately responsible for the explosion based on Louisiana law, regardless of whether FEMA employed an independent contractor; and
> (3) she cannot adequately oppose the motion without discovery.

Doc. 15. Based on the record and applicable law, the Court lacks subject matter jurisdiction, making a 12(b)(1) dismissal proper.

LAW & ANALYSIS

"Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A district court may consider outside materials attached to a motion to dismiss under Rule 12(b)(1) "if the material is pertinent to the question of the District Court's jurisdiction since it is always the obligation of a federal court to determine if it has jurisdiction." *Alabama ex rel. Baxley v. Woody*, 473 F.2d 10, 12 (5th Cir. 1973); See also *Maria v. United States*, No. 09-7669, 2010 U.S. Dist. LEXIS 54456, at *7 (E.D. La. May 17, 2010). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming*, 281 F.3d at 161.

I. THE FEDERAL TORT CLAIMS ACT

Defendant asserts that it has sovereign immunity from plaintiff's suit under the independent contractor exemption of the FTCA. "It is elementary that '[the] United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). "The Federal Tort Claims Act is a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal

employees acting within the scope of their employment." *United States v. Orleans*, 425 U.S. 807, 813 (1976).

"The [Federal Tort Claims] Act defines Government employees to include officers and employees of 'any federal agency' but excludes 'any contractor with the United States.'" *Orleans*, 425 U.S. at 813 (quoting 28 U.S.C. § 2671). "The United States Supreme Court, applying a strict construction to the FTCA, as it does to all statutes waiving sovereign immunity, has expressly held that the Unites States is not liable for the negligence of independent contractors." *Miller v. McElwee Bros.*, No. 05-4239, 2007 U.S. Dist. LEXIS 57351, at *11 (E.D. La. Aug. 6, 2007) (citing *Logue v. United States*, 412 U.S. 521, 528 (1973)). "While [Congress] leaves the courts free to look to the law of torts and agency to define 'contractor,' it does not leave them free to abrogate the exemption that the Act provides." *Logue*, 412 U.S. at 528. "[A]s a general rule, whenever the United States has not waived its sovereign immunity, the district court should dismiss the complaint for want of subject matter jurisdiction rather than dismissing by granting a motion for summary judgment." *Broussard v. United States*, 989 F.2d 171, 177 (5th Cir. 1993).

The Court must examine whether the independent contractor exemption applies to plaintiff's case. If the exemption is applicable, the Court must dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). *Linkous v. United States*, 142 F.3d 271, 275 (5th Cir. 1998).

*Independent Contractor Exception*

"The critical factor in determining whether an individual is an employee of the

government or an independent contractor is the power of the federal government to control the detailed physical performance of the individual." *Linkous*, 142 F.3d at 275. Additionally, the Fifth Circuit has considered the following factors in making such a determination:

> (a) the extent of control which, by the agreement, the master may exercise over the details of the work;
> (b) whether or not the one employed is engaged in a distinct occupation or business;
> (c) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision;
> (d) the skill required in the particular occupation;
> (e) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work;
> (f) the length of time for which the person is employed;
> (g) the method of payment, whether by the time or by the job;
> (h) whether or not the work is a part of the regular business of the employer;
> (I) whether or not the parties believe they are creating the relation of master and servant; and
> (j) whether the principal is or is not in business.

*Id.* at 276 (citing Restatement (Second) of Agency § 220 (1958)). "Although such a determination does not require mathematical precision, if the government lacks the power to control an individual, plus several factors listed in *§ 220* weigh in favor of independent contractor status, then a court must conclude that the individual is an independent contractor." *Id.*

Initially, the Court notes that plaintiff does not dispute that AME was an independent contractor within the FTCA and instead relies on Louisiana law in asserting that FEMA is liable. Next, the Court looks to the contract between FEMA and AME, a copy of which was provided by defendant. The contract provides that "[t]he [C]ontractor shall resolve maintenance issues and needs relating to the units." Doc. 12-3, page 61. The contract further states that: "When the Contractor must backorder repair parts for the furnace, A/C, refrigerator, or range, or is otherwise unable to repair these appliances within 48 hours of receiving the work request . . . the

5

Contractor shall provide a temporary appliance for the occupant." Doc. 12-3, page 68. The contract demonstrates that AME had full responsibility for general maintenance of the trailers and that FEMA did not have "power . . . to control the detailed physical performance" of AME. Additionally, the contract shows that FEMA did not supply the "instrumentalities" or "tools" for AME's maintenance.

Finally, the declaration made by Thomas Warder, an employee of FEMA, provides further evidence that AME was an independent contractor. Warder, the Technical Monitor of the contract between FEMA and AME, states that "AME and its employees, subcontractors and agents were not considered federal employees, nor did FEMA intend to create an employment relationship in the subject contract." Doc. 12-2. Warder further declares that "the particular skill and certifications of an outside contractor (in this case, AME) were required." Doc. 12-2. Warder's declaration demonstrates that the parties did not believe they were creating "the relation of master and servant." The declaration further establishes that there was a "special skill" required in the duties AME was to carry out. As such, the Court concludes that AME was an independent contractor. Considering the *Linkous* factors, the contract between AME and FEMA, and Mr. Warden's declaration, AME qualifies as an independent contractor within the terms of the FTCA exception, insulating FEMA from plaintiff's suit.

II.   APPLICATION OF STATE LAW

Plaintiff contends that state law should be applied to impute liability to FEMA for the explosion, regardless of whether AME was an independent contractor, because maintaining the

travel trailers is a non-delegable duty under Louisiana lease law. However, the independent contractor exception to the FTCA waiver of sovereign immunity takes precedence over state law. *Levrie v. Department of Army*, 810 F.2d 1311, 1314 (5th Cir. 1987); See also *Berkman v. United States*, 957 F.2d 108, 112 (4th Cir. 1992) (holding that whether a state law tort applies against the United States is exclusively one of federal law and, ultimately, federal law overrules state law). Although the district court applies the law of the state in which the claim arises in a FTCA action, the plaintiff must first establish that jurisdiction exists under the FTCA. See *Miller*, 2007 U.S. Dist. LEXIS 57351, at *20, 24. Because FEMA is immune from suit for the actions of AME under the independent contractor exception of the FTCA, plaintiff has no basis by which she can establish jurisdiction in order for the Court to then consider Louisiana law.

III. DISCOVERY

Plaintiff requests that the Court allow her to conduct discovery pursuant to Rule 56 of the Federal Rules of Civil Procedure in order to adequately oppose the motion. Rule 56 provides that: "[i]f a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

>   (1) deny the motion;
>   (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
>   (3) issue any other just order."

Fed. R. Civ. P. 56(f). However, the district court has broad discretion in determining its own right to hear a case. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). As previously noted, "[t]he district court . . . has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by

7

undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.* According to Rule 56, as well as Fifth Circuit precedent, the court has discretion in deciding whether to permit such discovery. In this case, plaintiff's complaint and defendant's motion and exhibits present sufficient evidence for the Court to conclude that it does not have jurisdiction. Furthermore, Rule 56 states that a party opposing the motion must show "specified reasons" why discovery should be allowed. Plaintiff points to only two issues, neither of which is so unclear as to necessitate discovery: (1) the sufficiency of Mr. Warden's declaration; and (2) whether the contract between FEMA and AME covers plaintiff's trailer.

Plaintiff first points to Mr. Warden's declaration, asserting that she cannot confirm the accuracy of his statements or his personal knowledge of the events. Mr. Warden declares under penalty of perjury that he served as the Technical Monitor of the contract between AME and FEMA and was the primary point of contact for the contractor. Doc. 12-2. Therefore, he has established that he had firsthand knowledge of the relationship between FEMA and AME. Plaintiff next asserts that the contract does not specifically identify her trailer in it. The contract is a broad agreement between AME and FEMA whereby AME is tasked with the responsibility of maintaining FEMA units within different areas. It states in pertinent part that: "these units may be located on an individual home owner's property, group parks where the government is leasing a pad, group sites built on private property leased (commercial) to the government or government donated land." Doc. 12-3, pages 61-62. Warden states in his declaration that the contract covered a group trailer site known as Renaissance Village in Baker, Louisiana, which is where plaintiff's trailer was located (as indicated by both plaintiff and defendant, Docs. 1 and

8

12-1). Additionally, Warden indicates that AME has a record of a complaint previously filed by plaintiff regarding a broken A/C unit, further evidence that the contract covered plaintiff's trailer. Because plaintiff gives no indication regarding what she would conduct discovery on beyond items the Court can reasonably resolve on its own, there is no need to permit it.

Therefore, defendant's 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is GRANTED.

New Orleans, Louisiana, this 29th day of July, 2010.

                          STANWOOD R. DUVAL, JR.
                       UNITED STATES DISTRICT JUDGE